ALD-238                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2213
_____

UNITED STATES OF AMERICA

v.

JOSEPH MCADAMS,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1:09-cr-00737-001)
District Judge:  Honorable Noel L. Hillman
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 8, 2022

Before:  JORDAN, RESTREPO, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed September 12, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Joseph McAdams appeals from an order of the United States District Court for the District of New Jersey denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1). For the reasons that follow, we grant the Government's motion for summary action and will affirm the District Court's ruling.

McAdams robbed ten banks in the New Jersey and Pennsylvania area between 2004 and 2008, and was caught after leading police on a high-speed chase. In 2009, he agreed to plead guilty to ten counts of armed bank robbery and one count of brandishing a firearm. The District Court sentenced McAdams to 319 months in prison. McAdams did not file an appeal, but later sought to vacate his sentence through a motion under 28 U.S.C. § 2255, which the District Court denied in 2015. McAdams' second § 2255 motion, based on the U.S. Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), was denied in 2020. The Bureau of Prisons estimates that McAdams will be released in June 2031.

In December 2020, McAdams, through counsel, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). McAdams has several serious health conditions including diabetes, hypertension, and obesity which, he argued, leave him more susceptible to serious complications from the COVD-19 virus. He also claimed that other injuries such as a torn rotator cuff, gout, and knee pain, in combination with his chronic diagnoses, have diminished his physical strength and capacities. He further contended

2

that these persistent conditions reflect that he is not dangerous, and that, in any event, his extensive rehabilitation efforts while imprisoned, as well as a strong community and family network, demonstrate that he does not pose a danger to the community. The Government opposed the motion.

The District Court denied McAdams' compassionate release motion in June 2022. The Court carefully considered McAdams' medical conditions but decided that McAdams' health status and risk of contracting COVID-19 was not an "extraordinary and compelling" reason for release or modification when he had been fully vaccinated. See Dist. Ct. Op. 5-6. It also recognized that, while McAdams' medical conditions could make prison life more challenging, they were not so severe as to substantially diminish McAdams' ability to care for himself in prison. See id. at 6-7 (considering Comment 1 under § 1B1.13; United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021), cert. denied, 142 S. Ct. 1446 (2022)). Moreover, the District Court concluded that the sentencing factors under 18 U.S.C. § 3553(a) weighed against release. In particular, McAdams' criminal history, dangerousness demonstrated in the serious offenses of these convictions, and past recidivism, as well as the need for deterrence, protecting the public, and avoiding a sentencing disparity, all weighed against release. See id. at 11-12. The District Court found no material difference between the present application of the § 3553(a) factors and the Court's application of those factors at sentencing. Id.

3

McAdams filed a timely appeal.  The Government has now filed a motion for summary affirmance.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  McAdams did not file a response to the motion, and the time for doing so has passed.

We agree with the Government that the appeal does not present a substantial question, because the District Court did not abuse its discretion in denying the § 3582 motion.[1]  See 3d Cir. L.A.R. 27.4; United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (explaining that we will not vacate a district court's decision "unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors") (cleaned up).  Under § 3582(c)(1)(A)(i), a district court may reduce a prison term if "extraordinary and compelling reasons warrant such a reduction."  Before it may grant release or modification, however, the court must consider the sentencing factors under § 3553(a) "to the extent that they are applicable."  Id. § 3582(c)(1)(A).

There is no indication that the District Court "committed a clear error of judgment" when, after considering the relevant factors of § 3553(a), it decided that too many of those factors weighed against release.  It is undisputed that the offenses underlying these convictions were serious and violent:  McAdams' ten armed-bank robberies involved violent takeovers of those institutions during which he grabbed and

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's order for an abuse of discretion.  See Andrews, 12 F.4th at 259.

4

forced employees to lie on the ground, brandished firearms, threatened to kill people, and locked employees in bank vaults. He was caught only after a high-speed car chase with police. As the District Court noted here (and in 2010, at sentencing), McAdams had an extensive criminal record stretching over two decades before he was caught escaping from the latest bank robbery in 2008, and his record includes five prior felony robbery convictions. See § 3553(a)(1) (providing that the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant"). To be sure, McAdams presented evidence of commendable rehabilitative efforts while incarcerated and of a supportive family, but his criminal history reflects pervasive recidivism. It was entirely appropriate for the District Court to express continued concern regarding McAdams' recidivist tendencies and the related need to protect the public. See D. Ct. Op. at 11 (citing § 3553(a)(2)(C)). We also discern no error with the District Court's conclusion that concerns of deterrence and avoiding unnecessary sentencing disparities weighed against a reduction or release. Id. In sum, the District Court did not commit a clear error of judgment when it decided that the weighing of all applicable § 3553(a) factors now does not materially differ from the District Court's application of them at sentencing.

Accordingly, the Government's motion is granted, and we will affirm the District Court's judgment.